IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARLOUS BARNARD FERGUSON, | § | |
| TDCJ-CID NO.796732, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-06-2191 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Marlous Barnard Ferguson, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1997 state court felony conviction for aggravated robbery. For the reasons that follow, the Court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by the governing statute of limitations.

I.   PROCEDURAL HISTORY

Petitioner entered a plea of not guilty to the offense of aggravated robbery in cause number 737368 in the 337th Criminal District Court of Harris County, Texas. (Docket Entry No.1). On July 30, 1997, petitioner was found guilty as charged and punishment assessed at forty years confinement in TDCJ-CID. (*Id.*). Petitioner's conviction was affirmed on direct appeal and on March 15, 2000, his petition for discretionary review was refused. *Ferguson v. State*, No.14-97-00857-CR, 1999 WL 976508 (Tex. App.–Houston [14th Dist.] pet. ref'd). Although petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court, his time to do so expired ninety days after the petition for discretionary review was refused. SUP. CT. R. 13.1. Thus, petitioner's conviction became final for purposes of federal habeas corpus review on or about June 13, 2000. *See* 28 U.S.C. § 2244(d)(1)(A).

On March 28, 2006, petitioner filed a state application for writ of habeas corpus in the state district court. (Docket Entry No.1). On May 31, 2006, the Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. Texas Court of Criminal Appeal website.[1]

Petitioner filed the pending federal petition for a writ of habeas corpus with this Court on June 22, 2006.[2] Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh v. Murphy*, 521 U.S. 320 (1997). Petitioner seeks relief on the following grounds:

1. The indictment upon which he was convicted was fundamentally defective;

2. The jury was instructed to convict him as a party to the offense, but the indictment did not charge him as a party;

3. Petitioner was denied the effective assistance of counsel; and,

4. Petitioner is actually innocent of the offense; therefore, the prosecutor engaged in misconduct by convicting an innocent person.

(Docket Entry No.1).

II.   ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

---

[1]   www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2243842

[2]   For statute of limitations purposes, the Court treats the date a *pro se* prisoner deposits a federal petition in the mail as the filing date. *Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)). Petitioner dated the petition on June 22, 2006. Therefore, the Court will treat the date the petition was signed as the filing date in this case.

      (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2). The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320). Because petitioner's federal petition was filed well after that date, the one-year limitations period applies to his claims. *Flanagan*, 154 F.3d at 198.

      Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions. *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999). Under the provisions of the AEDPA, petitioner's one-year limitation period began on June 13, 2000, the last day petitioner could have filed a petition for writ of *certiorari* in the United States Supreme Court. That date triggered the one-year limitations period which expired on June 13, 2001. Petitioner's state habeas application was filed on March 28, 2006, years after the expiration of the

AEDPA deadline; therefore, the tolling provisions found in § 2244(d)(2) do not apply to this application. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period). Petitioner filed the pending federal habeas action on June 22, 2006, well after the expiration of the limitations period. Therefore, his federal habeas petition is untimely and subject to dismissal.

Petitioner seeks equitable tolling of the limitations period. (Docket Entry No.4). Petitioner contends he is entitled to equitable tolling because he is a layman, proceeding without counsel, and because the factual basis for his claims were unavailable to him at the time he filed his direct appeal or his state habeas application. (*Id.*). Petitioner maintains that he was unable to obtain his trial court records or transcripts until recently. Petitioner also seeks equitable tolling of the limitations period on the ground that he is factually innocent. (*Id.*).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher v. Johnson*, 174 F.3d 710, 715, n.14 (5th Cir. 1999). To be entitled to equitable tolling, a petitioner must diligently pursue his post-conviction relief. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

It is well-settled that equitable tolling is not warranted merely because a petitioner proceeds *pro se* and is not well-versed in the law. "[I]gnorance of the law or of statute of limitations is insufficient to warrant tolling." *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). That petitioner proceeds without counsel likewise does not warrant equitable tolling. *Id.* at 171. Neither unfamiliarity with the legal process nor "lack of representation during the applicable filing period

4

merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *Fisher,* 174 F.3d at 714.

Moreover, a habeas corpus petitioner is not entitled to an extended delay while he gathers every scrap of evidence that might support his claim. *See Flanagan*, 154 F.3d at 199. Lack of access to state court records by an inmate does not present an 'exceptional circumstance" that would warrant equitable tolling. *See Roughley v. Cockrell*, 45 Fed. Appx. 326 (5th Cir. July 12, 2002) (rejecting a claim for equitable tolling based on an inmate's unfulfilled request for state court records); *Cofer v. Johnson*, 226 F.3d 643 (5th Cir. July 14, 2000) (unpublished disposition) (rejecting a claim for equitable tolling based on delay in receiving a copy of state court records); *Kiser v. Dretke*, Civil Action No.4:04cv494, 2004 WL 2331592 (N.D. Tex. Oct. 15, 2004) (holding "[d]ifficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling"), *report and recommendation adopted by* 2004 WL 2549174 (N.D. Tex. Nov. 9, 2004).

Furthermore, a claim of actual or factual innocence does not constitute a "rare and exceptional" circumstance, given that many inmates maintain they are innocent. *Felder*, 204 F.3d at 171. Moreover, petitioner has not presented any proof of his actual innocence. Therefore, he has not shown any entitlement to equitable tolling of the AEDPA limitations period.

Petitioner has not shown that he was subject to state action that impeded him from filing his state habeas applications or his federal petition in a timely manner. 28 U.S.C. § 2244(d)(1)(B). Further, he makes no showing of a newly recognized constitutional right upon which the petition is based; nor does he lay a factual predicate for the claims that could not have been discovered

5

previously.  28 U.S.C. § 2244(d)(1)(C), (D).  Accordingly, the Court finds that petitioner's federal petition is barred by the AEDPA's one-year limitation period and, therefore, subject to dismissal.

### III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable; therefore, a certificate of appealability from this decision will not issue.

### IV.    CONCLUSION

6

Accordingly, the Court ORDERS the following:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DENIED.

2. This cause of action is DISMISSED with prejudice.

3. A certificate of appealability is DENIED.

4. All pending motions, if any, are DENIED.

The Clerk shall provide a copy of this Order to the parties.

Signed at Houston, Texas, on July 27, 2006.

 

MELINDA HARMON
UNITED STATES DISTRICT JUDGE